The evidence ought to have been received, and a new trial must be granted .

New trial granted.

---

TEN EYCK AND WIFE, demandants, *against* WATERBURY, tenant.

THE demandants brought a writ of right; and counted on the seisin of the wife's ancestor, Matthew Vischer, and her own seisin, within 25 years, &c. The tenant, in his plea, put himself upon the grand assize, prayed recognition, &c., whether the tenant or the demandants had the greater right to hold; and then added a prayer that it might be inquired of by the grand assize, whether Matthew Vischer was seised, &c., within 25 years, &c., as the demandants had alleged. Special demurrer, assigning for cause, that the prayer to inquire of the seisin of Vischer was included in the mise. Joinder in demurrer.

*J. V. Henry*, in support of the demurrer. The statute of limitations was included in the mise; and amounts to no more. Booth on Real Act. 92, 5; 3 Wils. 419, 420. The mise puts the whole title in issue. The case is then within the common principle, that a special plea amounting *to the general issue is bad. Com. Dig. Pleader, E. 14. The plea being bad for a part, is bad in toto. Id. E. 36. It is bad for duplicity. Id. E. 2.

*P. S. Parker*, contra. The demandants counting on the seisin of the ancestor within 25 years, the ordinary mise would not be sufficient to put the whole matter in issue. It meets no more than the seisin of the demandant. Duplicity is not assigned as one of the causes of demurrer. Beside; the plea of the statute of limitations is to meet the seisin of the ancestor. It was necessary, to reach the whole case. The precedents will be found to sanction this plea. 3 Chit. Pl. 654; 10 Wentw. 220; Booth on Real Act. 102.

The *mise*, in a writ of right, puts in issue the whole title, including the statute of limitations; and where a plea, after the *mise*, denied the seisin of the ancestor within 25 years, it was held bad on special demurrer, as amounting to the *mise*.

A special plea, in a writ of right, is triable by a common jury; but the *mise*, by the grand assize alone.

[*52]

Hence, where special matter is included with the *mise* in the same plea, it is bad as requiring different modes of trial.

A plea bad in part, is bad in the whole.

Under the *mise*, every special matter of defence may be given in evidence, except collateral warranty.

*A. Van Vechten,* in reply, said the seisin of Vischer was put in as mere inducement to the demandant's title. The simple mise would bring up every possible question. As to the precedents, they are all against this form of pleading.

*Curia, per* SAVAGE, Ch. J. The plea is bad. This mode of pleading arose from the tender of the demimark, which was a sum of 6s. 8d., paid for the privilege of pleading that the demandant or his ancestor was not seised in the time of the king mentioned in the writ; and the demandant, though seised in another king's reign, might perhaps fail through this error, the same as if never seised at all. The time of seisin in another reign did not come in question upon the mise, which tried the question of mere right. The tenant, therefore, to entitle himself to this inquiry, as to the particular king's reign, must pay the demimark. Booth, 68. A question is discussed in Booth, 98, as to the time when this should be done; whether at the time of pleading, or the time of trial.

The mise puts the seisin in issue, as the common plea of not guilty in ejectment puts in issue the title; and, under the mise, any thing may be given in evidence, except collateral warranty. Booth, 95, 115; 3 Wils. 419, 20. That part of the pleading which gives cause for the demurrer *has no application under our laws; and if it means any thing as a special plea of the statute, then it is bad as amounting to the general issue.

It is bad also in another point of view. The *mise* is to be tried by 16 recognitors. (1 R. L. 51.) Special pleas may be pleaded in writs of right when clear; (Booth 115;) but they are to be tried by a common jury; and hence, in England, it is best sometimes to plead specially, to save time and expense; for great delay and expense are common in summoning the knights to compose and prepare the grand assize.

The plea, in this case, was probably taken from 3 Chit. Pl. 654; but it is only applicable when the *demimark* may be tendered.

If intended as a special plea, it is bad; 1. as amounting

to the *mise* only; and 2. to the *mise* and a special plea. As such, it is bad in this action, because the two pleas are incompatible. They require different modes of trial; the former by the grand assize, the latter by a common jury. A plea bad in part is bad in the whole. (Com. Dig. Pleader, E. 36.) The whole plea is therefore bad; though the *mise*, had it stood alone, would have been good.

The demandants are entitled to judgment on the demurrer; with leave to the tenant to amend on payment of costs.

Judgment for the demandants.